EDWARD S. CAMPBELL, RECEIVER, &c., v. THE PERTH AMBOY MUTUAL LOAN, HOMESTEAD AND BUILDING ASSOCIATION.

Argued June 6, 1901—Decided November 11, 1901.

1. Under "An act to encourage the establishment of mutual loan, homestead and building associations" [Revision], approved April 9th, 1875 (*Gen. Stat., p.* 331), and its supplements, it is the actual amounting of the fund in which a shareholder has an interest to the sum per share specified in the articles of association that will entitle him to receive such sum. It is not competent for an association, by constitution or otherwise, to provide that such right shall accrue upon the ascertainment by the directors of the value of a share in that fund.

2. Recovery of the value of matured shares in an association organized under said act cannot be had at law. The remedy of a shareholder, if the directors will not recognize his demand for distribution of the fund in which he is interested, is in the Court of Chancery.

On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Sherrerd Depue.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

COLLINS, J. This demurrer is interposed to the first four counts of the declaration, and, in different aspects, challenges the asserted right of the plaintiff to recover, at law, from an association organized under "An act to encourage the establishment of mutual loan, homestead and building associations" [Revision], approved April 9th, 1875 (*Gen. Stat., p.* 331) and its supplements, the value of matured shares therein held by the plaintiff. It is conceded that normally there would be no such right, but the plaintiff insists that the averments of his dec-

laration present an exceptional case.   It is averred that "in and by the constitution of the said defendant, it was, among other things, provided that when the board of directors of the said defendant should have ascertained that the actual value of any share amounted to two hundred dollars the owner of such share or shares should receive the sum of two hundred dollars for each share, or his or her own security to the amount of his or her own shares, * * * and that on a day named the board of directors did ascertain that the actual value of each of the shares of the series, including the shares held by the plaintiff, amounted to two hundred dollars, whereupon the defendant became liable and promised," &c.

The associates could not, by constitution or other agreement, override the statute.   That fundamental law must control, as it indeed in its eighth section declares.   *Gen. Stat., p.* 333, *pl.* 16.   By the first and fifth sections the rights and obligations of members of associations formed under the act are fixed as follows:

"1. Any number of persons not less than five may associate and form an incorporated company for the purpose of assisting each other and all who may afterwards become associated with them in acquiring real estate, making improvements thereon, and removing encumbrances therefrom by the payment of periodical installments; and for the further purpose of accumulating a fund to be returned to its members who do not obtain advances, for the purposes above mentioned, when the funds of such association shall amount to a certain sum per share, to be specified in the articles of association.

"5. The right of membership in all associations formed under this act shall consist in the periodical payment of such sum of money at such times, and subject to such penalties as shall be determined by the constitution adopted and filed as aforesaid, or in the payment of a principal sum specified in such constitution to be repaid by the company, in such way and manner as shall therein be designated, with interest, not exceeding seven per centum per annum."

The sixth and eighth sections prescribe permissible investments and make premiums and discounts non-usurious.

Later legislation permits the issue of shares in different series to mature and terminate as designated in constitution or by-laws. *Gen. Stat., p.* 334.

It is plain that the test of maturity of any share in such an association is the actual amounting of the fund in which it has an integral part to the sum per share specified in the articles of association. No declaration of the board of directors can establish a right which inheres in fact, not in *fiat.*

The counts demurred to, therefore, do not show that the plaintiff's shares have matured, but we are further of opinion that due averment of maturity would not disclose a cause of action cognizable at law. The directors of course may, and naturally will, administer and distribute the fund, but when a shareholder conceives that his shares have matured and the directors fail to recognize the claim, his remedy, if he is unwilling to withdraw under section 5 of the act, must be to invoke the aid of a tribunal having power to administer trust funds. An action at law for the value of his individual shares is not appropriate. His fellow-shareholders have a right to be heard and while the association may represent them in a suit to compel distribution of the fund, every such suit must afford them an opportunity to come under its benefits on bearing their share of its burden. In our judicial system only the Court of Chancery has the necessary and adequate jurisdiction to give complete relief and at the same time protection to all interested.

The defendant is entitled to judgment.